09-1747-cv
Ezuma v. City University of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of February, two thousand ten.

PRESENT:  GUIDO CALABRESI,
           REENA RAGGI,
           RICHARD D. CUDAHY,[*]
                        *Circuit Judges.*

-------------------------------------------------------------------
PROFESSOR CHUKWUMEZIRI N. EZUMA,
                 *Plaintiff-Appellant*,

      v.                                     No. 09-1747-cv

CITY UNIVERSITY OF NEW YORK, DR. EDISON O. JACKSON, President, Medgar Evers College of the City University of New York, NAN FISHER WILLIAMS, Dean of Faculty and Staff Relations and Counsel to the President at Medgar Evers College, JOAN PARROTT-FONSECA, Dean of the School of Business at Medgar Evers College, VERONICA UDEOGALANYA, Lecturer in the Department of Economics and Finance at Medgar Evers College,
                 *Defendants-Appellees*.
-------------------------------------------------------------------

APPEARING FOR APPELLANT:    ANTHONY C. OFODILE (Kathy A. Polias, *on the brief*), Ofodile & Associates, P.C., Brooklyn, New York.

APPEARING FOR APPELLEE:    SASHA SAMBERG-CHAMPION, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Peter Karanjia, Special Counsel, *on the brief*), *for* Andrew M. Cuomo, Attorney General of the State of New York, New York, New York.

---

[*] Circuit Judge Richard D. Cudahy of the United States Court of Appeals for the Seventh Circuit, sitting by designation.

Appeal from the United States District Court for the Eastern District of New York (Brian M. Cogan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the district court's March 30, 2009 judgment is AFFIRMED.

Plaintiff Chukwumeziri N. Ezuma appeals from an award of summary judgment in favor of defendants on Ezuma's claims of unlawful retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., the First Amendment, and corresponding state and local law. On de novo review, we consider the record in the light most favorable to the non-moving party. See Havey v. Homebound Mortgage, Inc., 547 F.3d 158, 163 (2d Cir. 2008). Nevertheless, plaintiff must point to more than a mere "scintilla" of favorable evidence to demonstrate the triable issue of material fact necessary to defeat summary judgment. Id.; see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). In applying these principles, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

We affirm for substantially the reasons stated in the district court's thorough and well-reasoned opinion. See Ezuma v. City University of New York, --- F. Supp. 2d ----, 2009 WL 3418539 (E.D.N.Y. 2009). We write briefly only to explain our independent determination that Ezuma's speech regarding a colleague's inadequate credentials did not address a matter of public concern.

"Whether an employee's speech addresses a matter of public concern is a question of law for the court to decide, taking into account the content, form, and context of a given

2

statement as revealed by the whole record." Lewis v. Cowen, 165 F.3d 154, 163 (2d Cir. 1999). As we recently observed, "[t]he heart of the matter is whether the employee's speech was calculated to redress personal grievances or whether it had a broader public purpose." Ruotolo v. City of New York, 514 F.3d 184, 189 (2d Cir. 2008) (internal quotation marks omitted).

Here, the record evidence demonstrates – at best – that Ezuma's challenge to his colleague's credentials was intended to express his personal dissatisfaction with CUNY's choice of an acting chair and the implications of that choice on his department's image. Accordingly, on the particular facts of this case, Ezuma's colleague's failure to obtain a doctoral degree from a properly accredited university was a matter of concern within the academic community and not the public at large. As Ezuma's speech did not pertain to a matter of public concern, he had no First Amendment claim based on his employer's reaction to the speech. See Garcetti v. Ceballos, 547 U.S. 410, 418 (2006); Williams v. Town of Greenburgh, 535 F.3d 71, 76-77 (2d Cir. 2008). Defendants were therefore properly awarded summary judgment on these claims.

We have considered Ezuma's remaining arguments and conclude that they are without merit. For the foregoing reasons, as well as those stated by the district court, the March 30, 2009 judgment is AFFIRMED.

                                        FOR THE COURT:
                                        CATHERINE O'HAGAN WOLFE, Clerk of Court